# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KELSEA S. SMITH,**

                **Petitioner,**

    **v.**                                  **Case No. 19-CV-161**

**BRIAN FOSTER,**

                **Respondent.**

## ORDER DISMISSING PETITION FOR FAILURE TO PROSECUTE

Kelsea Smith is incarcerated at Waupun Correctional Institution in the custody of its warden, Brian Foster. Smith pled guilty to one count of first-degree reckless homicide (ECF No. 1-1 at 40) but now argues in his petition for a writ of habeas corpus that his plea was involuntary and that his attorney was ineffective (ECF No. 1 at 5).

On February 11, 2019, the court reviewed Smith's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. (ECF No. 7.) The court ordered the respondent to answer the petition within 60 days (no later than April 12, 2019) and ordered Smith to submit a brief in support of his petition within 28 days thereafter (no later than May 10, 2019). (ECF No. 7 at 2.) The respondent subsequently asked the court to modify its briefing schedule (ECF No. 12), which the court did on April 4, 2019 (ECF

No. 13). The court ordered the respondent to answer the petition by April 12, 2019, and ordered Smith to submit a brief in support of his petition no later than May 13, 2019. (ECF No. 13.)

The respondent timely answered the petition. (ECF No. 14.) Smith, however, has not submitted a brief in support of his petition.

One possible explanation is that Smith has recognized that his petition was untimely. In answering the petition, the respondent asserted that Smith's petition was untimely under the one-year statute of limitation imposed by 28 U.S.C. § 2244(d)(1). (ECF No. 14, ¶ 9.) His conviction became final on January 8, 2018. (ECF No. 14, ¶ 5 (the respondent calculates the date as January 7, 2018, but that was a Sunday).) The court did not receive his petition until January 30, 2019. (ECF No. 1.) However, a habeas petition is deemed filed when it is properly deposited with prison officials for mailing. Smith failed to date his petition; however, his Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs, which was filed at the same time as his petition, is dated January 25, 2019.

The dockets of the circuit court, *see* Milwaukee Cnty. Cir. Ct. Case No. 2015CF000648, available at https://wcca.wicourts.gov, and court of appeals, *see* Case No. 2017AP001391-CR, available at https://www.wicourts.gov/, indicate certain proceedings during the period following his conviction becoming final. It is unclear, however, whether any such proceeding constituted "a properly filed application for State post-

2

conviction or other collateral review with respect to the pertinent judgment or claim" so as to be excluded under 28 U.S.C. § 2244(d)(2). It is the respondent's burden to "prove that each of the 365 days it relies on for its affirmative defense actually qualifies as a 'countable' day under the statute." *Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012). The respondent has not done so (and could not actually have been expected to have done so because this action never reached briefing on the merits), and, therefore, the court cannot conclude that this action is untimely.

Nonetheless, the court finds that dismissal is appropriate pursuant to Civil Local Rule 41(c). "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L. R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice." Civ. L.R. 41(c). Smith's brief is now nearly four months overdue. He was twice advised of his obligation to file a brief. (ECF Nos. 7, 13.) And on June 7, 2019, the respondent noted he would not be submitting a brief because Smith had not filed his. (ECF No. 15.) Thus, Smith was explicitly informed that he had failed to submit a brief as required.

**IT IS THEREFORE ORDERED** that Smith's petition and this action are dismissed without prejudice pursuant to Civil Local Rule 41(a) (E.D. Wis.).

Dated at Milwaukee, Wisconsin this 3rd day of September, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

3